UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE:

MELYNDA MARIE GROVE            Case No. 07-49894
                                                     Chapter 7
                                                     Hon. Walter Shapero
                Debtor.
_____/

**OPINION ON MELYNDA GROVE'S MOTION TO COMPEL LANDLORD TO APPEAR TO EXPLAIN WHY HE CONTINUES TO GARNISH DEBTOR IN VIOLATION OF THE AUTOMATIC STAY AND MOTION FOR COSTS, FEES, SANCTIONS AND PUNITIVE DAMAGES**

**I. Introduction**

This case comes before the Court on Motion of the Debtor, Melynda Grove, seeking to compel her Landlord to appear before the Court to explain why he continued to garnish Debtor's wages in violation of the automatic stay and for costs, fees, sanctions and punitive damages. Following an evidentiary hearing the Court took the matter under advisement.

**II. Facts**

On May 5, 2006, Debtor as lessee entered into a lease with Kenneth Holman ("Landlord") for a dwelling located in Madison Heights, Michigan. The lease directed Debtor to mail rental payments to a post office box in Roseville, Michigan. Debtor paid rent for a period of two months and thereafter defaulted. On September 29, 2006, pursuant to a default judgment obtained in 43rd state district court, Debtor was ordered to move from the premises and pay $2,569.50 in costs and rent. Landlord caused a writ of garnishment to issue December 28, 2006. It was served on Debtor's employer and by reason thereof some of her wages were withheld and paid to the Landlord beginning

-1-

in January 2007. The writ of garnishment was renewed on April 12, 2007. On May 19, 2007 Debtor filed a chapter 7 petition. Landlord was listed on several of Debtor's schedules but specifically in schedule F and the creditor's matrix, his address was shown as 21816 Ridgeway, St. Clair Shores, Michigan, a residence owned by his mother but operating as rental property, and the childhood address of the Landlord although he has not resided at that address for more than ten years and does not collect mail delivered to that address. That address differed from the address listed by the Landlord himself on his state court judgment and writs of garnishment, which differed yet again from the post office box to which Debtor was directed to mail rental payments. Debtor's wages continued to be withheld pursuant to the garnishment after the filing of the petition, totaling $720.08. Sometime during the period of July 7-9, 2007, Landlord received written notification of the bankruptcy proceeding and spoke with Debtor's counsel who had requested release of the garnishment. On July 10, 2007, Landlord filed a garnishment release and faxed a copy of the release to Debtor's employer.

In her Motion, Debtor contends that the Landlord violated the automatic stay provisions of 11 U.S.C. § 362(a) by failing to discontinue the garnishment and failing to return all wages garnished - both pre- and post-petition. Debtor claims that wages garnished pre-petition were a preference that occurred within ninety (90) days of the bankruptcy petition under § 547(b)(4)(A), and as such were recoverable by a motion for violation of the automatic stay provisions. Debtor's motion asserts a total claim for $3,345.33, comprised of: (1) pre-petition garnished wages ($1,625.25); (2) post-petition wages ($720.08); and (3) costs, sanctions, punitive damages and attorneys' fees incurred as a result of the alleged willful violation of the automatic stay ($1,000).

### III. Analysis

Section 362 of the Bankruptcy Code provides for the stay of proceedings against the debtor or property of the estate after the filing of a bankruptcy petition, and provides in part:

> Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title . . . operates as a stay, applicable to all entities, of -
> (1) the commencement or continuation . . . of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;
> (2) the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title;
> (3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate;
> (4) any act to create, perfect, or enforce any lien against property of the estate;
> (5) any act to create, perfect, or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case under this title;
> (6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title;

11 U.S.C. § 362(a).

There can be no question but that the continued operation after filing of the bankruptcy petition, of the previously issued garnishment issued to collect on the pre-petition judgment, violates a number of those provisions and as such is a violation of the stay irrespective of whether or not the Landlord had actual knowledge of the bankruptcy proceeding. The Landlord did not and does not contest that as respects the $720.08 in wages withheld post-petition, and indeed as hereinafter noted, the Landlord offered to return such, but only such. Debtor's counsel, however, believed that return

-3-

07-49894-wsd    Doc 31    Filed 01/03/08    Entered 01/03/08 17:50:33    Page 3 of 6

of all wages garnished, both pre-petition and post-petition (plus costs and sanctions) was appropriate thus precipitating the filed Motion.

Debtor contends that the garnishment of pre-petition wages was a preference in violation of § 547(b)(4)(A) remediable by the motion for violation of the automatic stay. Four cases were cited in support of her argument, none of which state that the pre-petition garnishment of wages is a violation of the automatic stay provisions. *See In re Zunich*, 88 B.R. 721 (Bankr. W.D. Pa. 1988); *In re Mims*, 209 B.R. 746 (Bankr. M.D. Fla. 1997); *Sucre v. Mic Leasing Corp.* (*In re Sucre*), 226 B.R. 340 (Bankr. S.D. N.Y. 1998); and *In re Venegas*, 257 B.R. 41 (Bankr. D. Idaho 2001). Pursuant to Fed. R. Bankr. P. 7001(1) an action to avoid a transfer under § 547 is specifically stated as being an adversary proceeding governed by the rules applicable thereto. Since Debtor seeks the preference relief as part of a contested matter under Fed. R. Bankr. P. 9014, the Court concludes the § 547 issue is not properly before it.

Debtor also seeks costs, fees and punitive damages for the Landlord's willful violation of the automatic stay. Willful violations of the stay provide for such under § 362(k)(1), which states:

> Except as provided in paragraph (2), an individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages.

Actions taken in violation of the stay are "willful" if the creditor had actual notice of the bankruptcy filing and intentionally acted in contravention of the stay. *TranSouth Fin. Corp. v. Sharon* (*In re Sharon*), 234 B.R. 676, 687 (6th Cir. BAP 1999) ("A violation of the automatic stay can be willful when the creditor knew of the stay and violated the stay by an intentional act."). Although Debtor asserts that the Landlord was listed on the creditor matrix and received written notice of the

bankruptcy filing, and that Debtor's counsel contacted the Landlord by telephone in May 2007, Landlord repeatedly denied receiving notice of the bankruptcy filing prior to the period of July 7-9, 2007. The Court found the Landlord to be a credible witness. The address provided for Landlord in the Debtor's petition and schedules was clearly not accurate. The Court cannot, with the required degree of proof, find that Landlord received or had actual notice of the bankruptcy petition before July 2007. Therefore, his failure to take affirmative action to release the garnishment of Debtor's wages immediately upon the filing of the petition was not a willful violation of the stay.

Landlord terminated collection efforts by promptly releasing his garnishment after he received actual notice of the bankruptcy filing. The testimony further showed that Landlord then offered to return to the Debtor just the $720.08 garnished from post-petition wages but that offer was rebuffed because Debtor's counsel believed his client was entitled to much more. Generally, a willful violation requires proof "that the creditor demonstrated 'egregious, intentional misconduct.'" *Rowell v. Chase Manhattan Automotive Fin. Corp.* (*In re Rowell*), 359 F.Supp.2d 645, 648 (W.D. Mich. 2004) (citation omitted). Landlord's failure to pay over what was requested in addition to the $720.08 may have been intentional, but given the bases for the request and potential good faith assertable defenses to doing so, it cannot be properly characterized as either misconduct and/or egregious within the normal meaning of those terms. Whether or not the pre-petition garnishment will be determined to be a preference remains to be seen, but in any event, it was not a violation of the then non-existent stay, let alone a willful one. Thus, sanctions for the violation of the automatic stay are not appropriate in this case.

The Landlord must immediately return the $720.08 which represents the amount of wages garnished post-petition in violation of the automatic stay. Debtor's Motion for a determination of

a preference as well as for costs, fees, sanctions and punitive damages is denied. Debtor's counsel shall present an order.

**Signed on January 03, 2008**

                                              **/s/ Walter Shapero**
                                    **Walter Shapero**
                                    **United States Bankruptcy Judge**